IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CV-15-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| BRYANT LAND, LOCATED AT | ) | |
| 107 OLD CEMETERY ROAD, DARE | ) | |
| COUNTY, NORTH CAROLINA, AS | ) | |
| LEGALLY DESCRIBED AT DEED | ) | |
| BOOK 498, PAGE 629 OF THE DARE | ) | |
| COUNTY REGISTRY, NORTH | ) | |
| CAROLINA, BEING TITLED IN THE | ) | |
| NAMES OF DEBRA P. BRYANT AND | ) | |
| HUSBAND, CURTIS W. BRYANT; AND | ) | |
| ANY AND ALL PROCEEDS FROM THE | ) | |
| SALE OF SAID PROPERTY, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| A 1989 CHAMPION MOBILE HOME, | ) | |
| VIN: GAFLJ05B15134CH; AND ANY | ) | |
| AND ALL PROCEEDS FROM THE | ) | |
| SALE OF SAID PROPERTY, | ) | |
| | ) | |
| Defendants. | ) | |

On October 31, 2011, this court sentenced Curtis Wade Bryant, Sr. ("Curtis Bryant") to 108 months' imprisonment for conspiracy to possess with the intent to distribute a quantity of cocaine and cocaine base (crack). See United States v. Curtis Wade Bryant, Sr., No. 2:11-CR-19-D, [D.E. 35]. On March 12, 2013, the United States ("government") filed a complaint seeking forfeiture in rem of a tract of land and attached mobile home. See 21 U.S.C. § 881(a)(7). The government contends that Curtis Bryant used the property to distribute cocaine. See [D.E. 1] 2; [D.E. 1-2] 1–3. Moreover, although the government did not criminally prosecute claimant Debra Bryant, Curtis

Bryant's wife, the government contends she was aware of Curtis Bryant's illegal activities and did not take reasonable steps to prevent the illegal activity from occurring on the property. See [D.E. 1-2] 1.

On June 18, 2013, in response to the government's forfeiture complaint, the Bryants filed a joint claim. See [D.E. 6]. The Bryants also filed a joint answer to the complaint, generally denying the allegations of the complaint. See [D.E. 7]. On June 26, 2013, Wells Fargo Bank, N.A. filed a claim seeking protection of its security interest in the property. See [D.E. 12]. On July 9, 2013, Wells Fargo filed its answer. See [D.E. 14]. Publication has been made, and no other claims have been filed. See [D.E. 16].

On August 29, 2013, the Bryants filed a joint motion for summary judgment. See [D.E. 19]. The motion is captioned as "THE BRYANTS MOTION" and the first paragraph refers to the filers in the plural. The certificate of service also refers to both Bryants. Nevertheless, only Curtis Bryant signed the motion. See id. 6.

Supplemental Rule G(5) provides a two-step process for contesting a forfeiture action in rem. See Fed. R. Civ. P. Supp. R. G(5). First, a person must file a claim in accordance with Supplemental Rule G(5)(a). Then, the claimant must file an answer to the complaint or a motion in accordance with Supplemental Rule G(5)(b). Curtis Bryant did both. Nonetheless, the government argues that Curtis Bryant lacks Article III standing to assert a claim concerning the property.

"The term statutory standing relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court, while Article III standing . . . relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or controversy requirement of Article III of the Constitution." United States v. 8 Gilcrease Lane, 641 F. Supp. 2d 1, 5–6 (D.D.C. 2009) (quotations

omitted). Curtis Bryant lacks Article III standing because, in his plea agreement, he agreed not to contest a civil forfeiture of that property. See United States v. Curtis Wade Bryant, Sr., No. 2:11-CR-19-D, [D.E. 28] ¶ 2(e); United States v. Twenty Miljam-350 IED Jammers, 669 F.3d 78, 91 (2d Cir. 2011); United States v. Real Prop. Described in Deeds, 962 F. Supp. 734, 737 (W.D.N.C. 1997) (collecting cases). Indeed, in his criminal case, the court entered a preliminary order of forfeiture forfeiting Curtis Bryant's interest in the real property and mobile home. See United States v. Curtis Wade Bryant, Sr., No. 2:11-CR-19-D, [D.E. 29]. Given Bryant's plea agreement and the preliminary order of forfeiture, Curtis Bryant has no interest in the property. Thus, he lacks Article III standing.

In sum, the court DENIES the Bryants' motion for summary judgment [D.E. 19], and GRANTS the government's motion for partial summary judgment [D.E. 21]. Curtis Wade Bryant, Sr.'s interest in the defendant property is forfeited to the United States.

SO ORDERED. This 5 day of November 2013.

JAMES C. DEVER III
Chief United States District Judge